# United States District Court
### for the
### Western District of New York

United States of America

v.

JUAN CARLOS CASTRO-CHICAS

*Defendant*

25-MJ- 5048

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about February 12, 2025, in the Western District of New York, the defendant, JUAN CARLOS CASTRO-CHICAS, an alien who previously had been deported and removed from the United States, was found in the United States, without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

DEAN MANDEL
AGENT
U.S. BORDER PATROL

*Printed name and title*

Sworn to before me telephonically.

Date: February 25, 2025

City and State: Buffalo, New York

*Judge's signature*

HON. MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE       ) SS:
CITY OF BUFFALO     )

I, **DEAN MANDEL**, being duly sworn, deposes and states:

1. I am a Border Patrol Agent with the United States Border Patrol ("USBP"), within the Department of Homeland Security (DHS) and have been so employed for the past eighteen (18) years. In such capacity, my duties include investigating violations of the Immigration and Nationality Act and other related federal statutes, such as violations of Title 8, United States Code, Section 1326.

2. I make this affidavit in support of the annexed criminal complaint charging JUAN CARLOS CASTRO-CHICAS (hereinafter "CASTRO-CHICAS"), an alien and citizen of El Salvador, with being found in the United States after previously being excluded, deported, or removed from the United States, in violation of Title 8, United States Code, Section 1326(a)(2).

3. The statements contained in this affidavit are based upon my personal knowledge, my review of official records, and upon information provided to me by other U.S. Border Patrol Agents and law enforcement personnel. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that CASTRO-CHICAS did violate Title 8, United States Code, Section 1326(a)(2).

1

4.     On or about February 11, 2025, law enforcement personnel from the USBP's Buffalo Border Patrol Station Anti-Smuggling Unit (ASU) conducted a law enforcement operation involving plain clothes surveillance in Cheektowaga, New York, which is in the Western District of New York. As part of their investigation, ASU Agents conducted record checks on several vehicles parked at the Hilton Garden Inn. A grey Toyota Tacoma displaying Virginia license plates ("TFP3633") was observed parked next to the hotel. ASU Agents conducted registration checks which revealed the vehicle is registered to Juan Carlos CASTRO-CHICAS. ASU Agents conducted record checks on the registered owner which came back to an illegal alien from El Salvador. ASU Agents maintained surveillance on the vehicle for several hours but did not observe anyone attempt to enter the vehicle.

5.     On February 12, 2025, ASU Agents returned to the hotel's parking lot to conduct further surveillance and observed the same Toyota Tacoma. While conducting surveillance, agents observed an individual approaching the Toyota Tacoma and activating a key fob. After observing this, an ASU Agent approached the subject and identified himself as a Border Patrol Agent showing his service issued badge and credentials. After the ASU Agent identified himself, the subject quickly entered the vehicle and slammed the door shut. The subject started the vehicle's ignition and rolled down window to speak with the ASU agents.

6.     During this interaction with ASU Agents, the subject stated that the vehicle he was in did not belong to him, and that the agents could not ask him any questions without a warrant. ASU Agents continued to speak with the subject and requested that he open the door and exit the vehicle, but the subject refused. ASU Agents at the scene then contacted Cheektowaga Police officers and uniformed Border Patrol Agents to respond.

7.   After the subject rolled down his window, one of the ASU Agents took a picture of the subject's face using a government issued phone. That phone is equipped with a facial recognition software application that can be used as an identification tool. The facial recognition software confirmed that the photograph taken of the subject in the vehicle was indeed the defendant, JUAN CARLOS CASTRO-CHICAS.

8.   Multiple Cheektowaga Police Officers later appeared at the scene as well as other Border Patrol Agents some of whom arrived in marked Border Patrol vehicles and their uniforms. The defendant remained in the vehicle for a few more minutes but later agreed to exit the vehicle. CASTRO-CHICAS was arrested and transported back to the Buffalo Border Patrol Station for processing.

9.   Upon arrival at the Buffalo Border Patrol Station, a complete set of fingerprints were electronically captured from CASTRO-CHICAS and submitted to the Federal Bureau of Investigation ("FBI"), Identification Division, in Clarksburg, WV, via the Integrated Automated Fingerprint Identification System ("IAFIS"). This set of fingerprints produced no positive match to anyone requesting permission to enter the United States.

10.   A review of the documents contained in the Alien Registration File (A-file) for Juan Carlos CASTRO-CHICAS revealed that the defendant had been removed from the United States on two prior occasions:

> A) On July 29, 2010, the defendant was ordered removed by an immigration judge in Stewart, Georgia, and physically departed the United States on August 20, 2010, from Atlanta, Georgia pursuant to that order.

  B) CASTRO-CHICAS had his initial order of removal reinstated by an immigration judge in Stewart, Georgia and physically departed the United States on November 6, 2019, from El Paso, Texas.

  C) At each time of his two prior deportations, CASTRO-CHICAS was provided an Immigration Form I-294, advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or was found in the United States without the permission of the United States Attorney General, or his Successor, The Secretary of Homeland Security.

11. Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that CASTRO-CHICAS was found in the United States after previously being excluded, deported, or removed from the United States, all in violation of Title 8, United States Code, Section 1326(a)(2).

_____
DEAN MANDEL
Agent
U.S. Border Patrol

Sworn to me and signed telephonically this
25th day of February, 2025

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

4